IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE L. GALLARDO, | ) |
| | ) |
| Plaintiff, | )   4:06cv3091 |
| | ) |
| vs. | )   ORDER on INITIAL REVIEW |
| | )   ORDER on MOTION FOR TRO |
| STATE OF NEBRASKA, et al., | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Jose L. Gallardo, and on filing no. 11, the plaintiff's Motion for a Temporary Restraining Order ("TRO"). The plaintiff is a prisoner at the Tecumseh State Correctional Institution ("TSCI"). The individual defendants are employees of the Nebraska Department of Correctional Services ("DCS") or of an organization which provides medical services to DCS inmates by contract with DCS. In filing no. 4, an attorney has entered an appearance on behalf of the plaintiff.

The plaintiff moves for a TRO, asking the court to require DCS to unfreeze his inmate trust account so that he may pay his initial partial filing fee ordered by the Prisoner Payment Order of June 6, 2006. However, the Motion for a TRO has become moot, as the court received two filing fee payments on August 3 and 11, 2006. Therefore, filing no. 11 is denied as moot, and this case can now progress.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deficient medical care at TSCI. The persons named as defendants have been sued in both their official and individual capacities. On initial review, I find that this case need not be dismissed. Therefore, as initial review of the complaint is now completed, it is time for

1

the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants without cost (unless the plaintiff's attorney wishes to arrange for service) after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send summons forms and form USM-285s ("form 285s") to the plaintiff (ONE for each identified defendant - no John Does) together with a copy of this Order.

2. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur. The plaintiff must provide an address for each party to be served. The U.S. Marshal and the court will not fill out the forms with the defendants' addresses.

3. Defendant-State of Nebraska and all official-capacity defendants may be served by use of **one** summons form directed to the place for service on the State as specified in Neb. Rev. Stat. § 25-510.02. Example:

> TO: **(Name and address of Defendant)**
> **State of Nebraska and**
> **All named defendants in their official capacity**
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

4. The remaining summons forms and Form 285s are to be used for service of process on the individual defendants in their *individual* capacity at the address, such as home or present place of employment, wherever each defendant can personally be found and will accept service of process himself, herself or through a person authorized to receive a summons on his or her behalf.

5. Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The court will copy the complaint for the Marshal, and the plaintiff does not need to do so.

      6.      Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      7.      If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      8.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

      9.      The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

      10.      A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

      11.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      12.      The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      13.      Filing no. 11, the plaintiff's Motion for a TRO, is denied as moot because the court has received the plaintiff's initial partial filing fee.

      DATED this 30th day of August, 2006.

                                  BY THE COURT:

                                  s/Joseph F. Bataillon  
                                  JOSEPH F. BATAILLON  
                                  Chief District Judge