IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE L. GALLARDO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3091 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 23, the Motion to Dismiss defendants, Buchmeier, Curtis, and Coon; (2) filing no. 31, the Motion to Dismiss defendants, Harold Clarke and Fred Britten, in their Individual Capacities, and the State of Nebraska; (3) filing no. 34, the Motion to Dismiss defendants, Correctional Medical Services ("CMS") and Janssen Williams, M.D.; (4) filing nos. 36 and 37, the Motions adopting the plaintiff's documents and asking the court to file the plaintiff's documents as those of his attorney, filed by Roger I. Roots, the plaintiff's attorney of record; and (5) filing no. 38, Mr. Roots' Motion for Courtesy Copies of All Filings to be Mailed to Mr. Gallardo. The plaintiff, Jose L. Gallardo, a prisoner who is represented by Mr. Roots as his retained counsel, has sued employees of the Nebraska Department of Correctional Services ("DCS") and of a company which provides medical services to DCS inmates by contract with DCS. The plaintiff alleges deficient medical care in prison.

As a preliminary matter, the plaintiff and Mr. Roots are hereby instructed that only filings by Mr. Roots on the plaintiff's behalf will be accepted by this court. As explained by Magistrate Judge F. A. Gossett in filing no. 30: "Fed. R. Civ. P. 11(a) states in pertinent part: 'Every pleading, written motion, and other paper shall be signed by at least one

attorney of record in the attorney's individual name, **or, if the party is not represented by an attorney, shall be signed by the party**.' (Emphasis added.)  Thus, it is clear that Rule 11 contemplates either self-representation or attorney representation, but not both by the same party in the same case."  As Magistrate Judge Gossett further explained in filing no. 30: "In this litigation, the plaintiff has retained an attorney who has entered an appearance on the plaintiff's behalf.  Therefore, in accordance with Rule 11, the attorney of record must sign all pleadings, motions and papers to be filed with the court for the plaintiff.  The signature of the plaintiff's attorney is important because Rule 11 explains that by signing documents filed with the court, the attorney makes certain representations and warranties and risks exposure to sanctions for violations of Rule 11."  I agree with those principles.

Therefore, filing nos. 36 and 37, Mr. Roots' Motions adopting the plaintiff's documents and asking the court to file the plaintiff's documents as those of his attorney, will be granted in this single instance.  However, from this point forward, the Clerk of Court is instructed to return to the plaintiff, **unfiled**, any documents which the plaintiff attempts to file in this case pro se, as long as he continues to be represented by counsel.

In addition, filing no. 38, Mr. Roots' Motion for Courtesy Copies of All Filings to be Mailed to Mr. Gallardo, is denied.  As the plaintiff's attorney of record, Mr. Roots will receive notice of all filings.  If he wishes to forward courtesy copies to his own client, he is free to do so.  The court will not communicate directly with Mr. Roots' client.

Filing no. 23, the Motion to Dismiss defendants, Buchmeier, Curtis, and Coon for insufficient service of process, is granted.  The plaintiff caused summonses for those defendants to be served at the Tecumseh State Correctional Institution ("TSCI") at a time

after those defendants had ceased to be employed by DCS.  An employee of TSCI signed for the certified mail package when picking up the mail.  However, the plaintiff has not established that the TSCI employee had any authority to accept a summons on behalf of the departed former employees, and the court will not indulge in that assumption.  The plaintiff's attorney can "skip-trace" the defendants and, if found within a reasonable period, the attorney may move for leave to serve them out of time.

Filing no. 31, the Motion to Dismiss defendants, Harold Clarke and Fred Britten, in their Individual Capacities, and the State of Nebraska, is granted in part and denied in part. The plaintiff seeks declaratory, injunctive and monetary relief for violation of his civil rights. As against the State of Nebraska, the plaintiff may not recover damages by virtue of the sovereign immunity recognized and preserved by the Eleventh Amendment to the United States Constitution.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Moreover, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  However, a state is not a "person" who may be sued under 42 U.S.C. § 1983. Hilton v. South Carolina Public Railways Com'n, 502 U.S. 197, 199-201 (1991), citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  On the other hand, a "person" who may be sued pursuant to 42 U.S.C. § 1983 **does** include a state employee in his or her individual capacity, Hafer v. Melo, 502 U.S. 21 (1991).

The doctrine of Ex Parte Young, 209 U.S. 123 (1908), holds that the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials in their

3

official capacity.  However, while a suit to enjoin state officials in their official capacity may proceed if the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective, a declaratory judgment establishing only the **past liability** of the State is nevertheless forbidden by the State's sovereign immunity preserved by the Eleventh Amendment to the United States Constitution.  Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 646 (2002).  See also Ameritech Corp. v. McCann, 297 F.3d 582, 587 (7th Cir. 2002) (As opposed to a declaratory judgment that prospectively requires officials to conform their future conduct to federal law, a declaration of rights which could impose upon the State a monetary loss resulting from a past breach of a legal duty by defendant state officials is prohibited by the Eleventh Amendment.).

In addition, defendants Clarke and Britten move to be dismissed from this action insofar as, in their individual capacities, they are sued because of their supervisory roles alone, without direct involvement in the plaintiff's medical care.  "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior .... To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations."  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citations omitted).

Supervisory or administrative personnel such as Clarke and Britten cannot be liable to the plaintiff under the federal civil rights laws based merely on principles of vicarious liability or respondeat superior for constitutional injuries allegedly inflicted by their subordinates or other persons.  See, e.g., Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, (1978); Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th

4

Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989): "Rigorous standards of culpability and causation must be applied to ensure that [an employer] is not held liable solely for the actions of its employees .... The purpose of such a stringent standard is to prevent § 1983 liability from collapsing into state tort law or into respondeat superior liability, an intent not contemplated by § 1983." Therefore, the plaintiff's federal civil rights claims must be dismissed against Clarke and Britten, in their individual capacities, insofar as such claims rely on respondeat superior, imputed or vicarious liability.

Similarly, filing no. 34, the Motion to Dismiss defendants, Correctional Medical Services ("CMS") and Janssen Williams, M.D., is granted in part and denied in part. The motion is granted insofar as the plaintiff attempts to hold CMS responsible for the acts of Dr. Williams or anyone else on theories of respondeat superior, imputed or vicarious liability. In all other respects, the motion is denied. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed

unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

THEREFORE, IT IS ORDERED:

1. That filing no. 23, the Motion to Dismiss defendants, Buchmeier, Curtis, and Coon, is granted, and those defendants are dismissed, without prejudice, from this litigation for insufficient service of process;

2. That filing no. 31, the Motion to Dismiss defendants Harold Clarke and Fred Britten, in their Individual Capacities, and the State of Nebraska, is granted in part, as follows, and is otherwise denied:

    a. The State of Nebraska is dismissed from this litigation as a defendant;

    b. Harold Clarke and Fred Britten, in their individual capacities, may not be held liable to the plaintiff on the basis of respondeat superior, imputed or vicarious liability; whether the plaintiff has any other factual basis for claims against those defendants will have to await a more developed record;

3. That filing no. 34, the Motion to Dismiss defendants, Correctional Medical Services ("CMS") and Janssen Williams, M.D., is granted in part and denied in part as follows:

    a. CMS may not be held liable to the plaintiff on the basis of respondeat superior, imputed or vicarious liability; whether the plaintiff has any other factual basis for claims against that defendant will have to await a more developed record;

    b. In all other respects, filing no. 34 is denied;

4. That filing nos. 36 and 37, the Motions adopting the plaintiff's documents and

asking the court to file the plaintiff's documents as those of his attorney, filed by Roger I. Roots, the plaintiff's attorney of record, is granted in this single instance; **however, from this point forward, the Clerk of Court is instructed to return to the plaintiff, unfiled, any documents which the plaintiff attempts to file in this case pro se, as long as the plaintiff continues to be represented by counsel**; and

5. That filing no. 38, Mr. Roots' Motion for Courtesy Copies of All Filings to be Mailed to Mr. Gallardo, is denied.

DATED this 28th day of November, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge