IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE L. GALLARDO, ) | |
| ) | 4:06CV3091 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| HAROLD W. CLARK, et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the remaining defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56, Filing No. 42. Plaintiff filed a civil rights action against the defendants, alleging violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as violations of the Nebraska Constitution and Nebraska state law. He claims that while committed to the custody of the Nebraska Department of Corrections at the Tecumseh State Correctional Institution, he lay in his cell bed for three days with a ruptured appendicitis. According to plaintiff, in spite of repeated requests for medical care, defendants left him in his cell until his appendicitis had ruptured and gangrened. Defendants contend that the information contained in plaintiff's grievance was not such as would give notice of an immediate danger of harm or severe personal injury.

**Standard of Review**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed

a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)).  A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment.  *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations.  *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir. 2004).

### DISCUSSION

#### *A.  Eleventh Amendment Immunity Issue*

Defendant Robert Houston argues that he is entitled to sovereign immunity in his official capacity, as it is in reality a suit against the State of Nebraska seeking monetary relief. *Patteson v. Johnson,* 367 N.W.2d 123, 127 (Neb. 1985).  Plaintiff's federal claims are barred by the Eleventh Amendment, where he named the defendants only in their official capacities. *See Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997) (Eleventh Amendment immunity bars § 1983 damages claim against State and its agencies); *Robb v. Hungerbeeler,* 370 F.3d 735, 739 (8th Cir. 2004) (official-capacity suit is treated as suit against government entity).

Houston is entitled to summary judgment insofar as the plaintiff claims damages against Houston in his official capacity.  The Eleventh Amendment to the United States

Constitution prohibits the plaintiff from maintaining a claim for damages against the state or a state agency or instrumentality.  *See,* e.g., *Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. . . .'" (Citation omitted.)

In addition, a suit for damages against a governmental officer in the officer's official capacity is the equivalent of naming the governmental entity itself as the defendant.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Therefore, a claim against an officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992):  "Suits against persons in their official capacity are just another method of filing suit against the entity. . . .  A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . ." *See also Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996), *quoting Kentucky v. Graham*: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Accord Trevelen v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996):  "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially 'for the recovery of money from the state.'" (Citation omitted.)

Consequently, Houston, in his  official capacity, is protected by the Eleventh Amendment from claims for monetary relief brought by the plaintiff.  The court will sustain Houston's motion for summary judgment insofar as the plaintiff seeks damages from Houston in his official capacity.

### B. *Injunctive Relief*

Further, defendants argue that plaintiff is not entitled to prospective injunctive relief. Plaintiff requests an injunction against defendants for the protection of plaintiff and other inmates at Tecumseh. Defendants argue that there is no evidence that they acted contrary to federal law, and that practices that occurred in the past are likely to occur in the future. Further, defendants contend that much of the relief requested by the plaintiff is already in place and part of the polices and procedures of the prison.

The court notes that this is not a class action. Plaintiff is not entitled to bring this case on behalf of other inmates. However, as set forth below, the court concludes that the plaintiff has set forth a claim for deliberate indifference to his medical needs. Plaintiff requests prospective injunctive relief in this regard. Accordingly, the court will deny the motion for summary judgment as to injunctive relief at this time. The plaintiff may or may not be entitled to prospective relief depending on the outcome of trial.

### C. *Deliberate Indifference/ Individual Capacities*

Defendants contend that Harold Clark and Fred Britten are entitled to summary judgment in their individual capacities. Defendants argue that the complaint fails to allege that either of these two did any affirmative act or failed to perform an act that would be unconstitutional. *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993); *Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000). Further, these two defendants contend they are entitled to summary judgment on the basis of qualified immunity. *Brown v. Frey*, 889 F.2d 159 (8th Cir. 1989). To be liable, the defendants must know or should know that what they are doing is unlawful. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The inquiry in determining whether the officers are entitled to qualified immunity focuses on whether the

4

plaintiff has asserted a violation of a clearly established constitutional right and, if so, whether there are genuine issues of material fact as to whether a reasonable official would have known that the alleged action indeed violated that right. *Turpin v. the County of Rock*, 262 F.3d 779, 782 (8th Cir. 2001). A court required to rule upon the qualified immunity issue "must consider this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Id.* The second inquiry, whether the right was clearly established at the time, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable. *Id. at 194-95* (noting "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

Tecumseh manager defendant Peters contends that the delay in treatment did not violate the Eighth Amendment, as it does not meet the deliberate indifference standard required by *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).

The court has carefully reviewed the record and finds the plaintiff has set forth facts and evidence sufficient to permit this issue to continue to trial. The plaintiff has clearly alleged deliberate indifference to his severe medical needs in violation of the Fifth, Eighth,

and Fourteenth Amendments to the United States Constitution, in violation of prison policies, and in violation of Nebraska state law. The right to adequate care is a constitutional right and such right is clearly established, and when so established, qualified immunity does not apply. *See Vaughn v. Ruoff*, 253 F.3d 1124, 1128 (8th Cir. 2001). The facts when taken in the light most favorable to the plaintiff indicate that he did not receive medical care for his appendicitis, in spite of apparent repeated requests, until such time as his appendicts burst. The court finds that the defendants have failed to show at this summary judgment stage that their acts were reasonable under the circumstances. *Pace v. City of Des Moines*, 201 F.3d 1050, 1056 (8th Cir. 2000). Accordingly, the court finds that the plaintiff has submitted adequate evidence of deliberate indifference to his medical needs. The court further finds that a reasonable person would have realized this right is clearly known and established under the particular facts of this case.

THEREFORE, IT IS ORDERED defendants' motion for summary judgment, Filing No. 42, is granted in part and denied in part as set forth herein. Defendants shall proceed to trial on the issue of deliberate indifference to plaintiff's medical needs.

DATED this 24th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Court